UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GEORGINA MORGENSTERN,

                    Plaintiff,

               -against-

COUNTY OF NASSAU, et al.,

                    Defendants.
----------------------------------------------------------------X

**ORDER**
CV 04-0058 (JS)(ARL)

**LINDSAY, Magistrate Judge:**

Before the court is the County of Nassau's ("County") letter dated January 31, 2007, outlining the status of the electronic discovery production and the plaintiff's response to that status letter. Also before the court is the plaintiff's motion to compel the continuation of Seth Weiss' deposition and the defendants' response to that request. Finally, the defendant CSEA seeks clarification regarding the discovery deadlines. Each of these issues is addressed in turn.

**A. The Production of Electronically Stored Information**

During a conference held on December 11, 2007, the court directed the County to restore seven user accounts, in addition to the twelve user accounts that it had restored, in order to search for e-mails from August 2002 to June 2004. The County reports that as of January 31, 2007, a portion of the accounts have been restored, primarily for the year 2004, but the County has been unable to locate data for the following users: Dean Bennett (2002-2003); Robert Brickman (2002-2004); Deanna Huminiski (2002-2004); Michelle Marquez (2002-2004); Kate Randolph (2002-2004); Katie Schwab (2002-2003); and Thomas Suozzi (2002). In addition, the County reports that in some instances tapes have been reused (rewritten), are no longer readable, or are physically defective. Finally, pursuant to the court's direction, the County has confirmed that the user accounts for Ruth Markovitz, Louis Yevoli, Marwa Fawaz, Rona Moyer, Dierdre Parrish, Rafaela

Petrasek and Elizabeth Botwin do not contain "email communications with the plaintiff regarding the claims raised in the plaintiff's complaint," and thus, will not be restored.

In her response to the status letter, the plaintiff asks the court to require the production on a rolling basis and to set a final deadline for the production. Missing from the submissions is an indication of how long discovery production will take. Accordingly the parties are directed to confer and provide the court with a proposed discovery schedule. The court will extend the discovery deadlines, including the deadline for making dispositive motions, after receiving the parties' submission. To the extent plaintiff seeks clarification concerning any remaining production they may confer with counsel. Additionally, in the absence of any explanation for the defendant's refusal to provide "rolling discovery" as electronic data becomes available, they are directed to undertake such production.

**B. The Weiss Deposition**

By letter application dated February 7, 2007, the plaintiff requests that the court compel the continued deposition of non-party Seth Weiss and order the County defendants or Mr. Weiss to pay the attorneys' fees and costs associated with the continued deposition. The County defendants do not oppose the continued deposition, but do oppose that portion of the application that seeks attorneys' fees and costs, as well as a change of deposition location. The record reflects that Mr. Weiss left his deposition after less than three hours when the plaintiff's counsel objected to his receipt of cell phone calls during the deposition. Mr. Weiss has since advised the County that he will appear for a continued deposition as long as he is served with a subpoena and receives a witnesses fee. Given the fact that Mr. Weiss left his deposition and had previously agreed to appear pursuant to notice, the court finds that the service of a subpoena is unnecessary. Mr. Weiss is to appear for a continued deposition at the County Attorneys' Office by March 2, 2007. The

deposition shall be held for no longer than four hours. To the extent the plaintiff seeks attorneys' fees and costs, the application is denied.

Dated: Central Islip, New York
       February 15, 2007

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge