UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GEORGINA MORGENSTERN,

                    Plaintiff,

        -against-

COUNTY OF NASSAU, et al.,

                    Defendants.
----------------------------------------------------------------X

**ORDER**
CV 04-0058 (JS)(ARL)

**LINDSAY, Magistrate Judge:**

Before the court is the County defendants' letter application dated April 3, 2007, seeking to compel the plaintiff to provide them with HIPAA authorizations for the release of the plaintiff's medical and pharmaceutical records. The County defendants contend that the information is relevant to the plaintiff's claim that she is entitled to an award of $15,000,000 to compensate her for her severe mental anguish and depression in light of the fact that the plaintiff has testified that she was treated for depression prior to her employment with the County. The plaintiff opposes the motion on the ground that it is procedurally defective and substantively without merit.[1] For the reasons set forth below, the application is granted, in part.

The County defendants first requested the authorizations to obtain medical records in February 2005. In July 2006, the plaintiff provided the defendants with certain medical records, but did not forward the requested authorizations. In February 2007, the defendants again requested that the plaintiff provide them with authorizations. The plaintiffs provided authorizations for six health care providers but objected to the production of the authorization for

---

[1] Although the plaintiff is correct that the local rules and the undersigned's individual rules require the parties to meet and confer prior to submitting an application of this nature, it is clear that the meet and confer would have been futile. Accordingly, the court will address the substance of the application.

one provider who had treated the plaintiff twenty years earlier and for two providers whose medical records the plaintiffs had provided. With respect to the six authorizations that were provided, the plaintiff limited the time frame to records dating after 2000, despite the fact that the defendants requested records dating from 1997. The plaintiff also refused to provide treatment notes. The County defendants now seek complete HIPAA authorizations for Drs. Peterson, Donatelli, Glassman, Rosenblatt, and Kutnick, Lenox Hill Hospital, North Shore University Hospital, Hillside Hospital, LIJ Psychiatry, and Medco.

The plaintiffs contend that the County defendants new demand for medical information from twenty years ago should be denied. While the court agrees that the plaintiff's treatment in 1985 is too remote, it is not at all clear whether the plaintiff has provide full authorizations for medical records for more recent treatment. Accordingly, the County defendants application is granted to the extent that it seeks authorizations for complete medical and pharmaceutical records from the above enumerated providers from 1997 to date. The plaintiff need not provide authorizations for medical records pertaining to the treatment of the plaintiff's daughter, but are to provide any medical records relating to the plaintiffs' treatment even if the records contain information about the plaintiff's daughter, subject to the Confidentiality Agreement.

Dated: Central Islip, New York
April 10, 2007

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge