```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GEORGINA MORGENSTERN,

                    Plaintiff,
                                                                    ORDER
          -against-                                                 CV 04-0058 (JS)(ARL)

COUNTY OF NASSAU, et al.,

                    Defendants.
----------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

Before the court is the defendants' letter application dated June 21, 2007, seeking to compel the plaintiff to produce an un-redacted copy of Dr. Leland Petersen's clinical records. Dr. Petersen is the plaintiff's treating psychologist and has also been identified as the plaintiff's expert in this matter. The plaintiff opposes the application arguing that (1) the defendants agreed not to seek Dr. Petersen's records of his treatment sessions with the plaintiff's daughter, and (2) the defendants are not entitled to irrelevant and privileged entries in Dr. Petersen's records.

To begin with, the issue concerning the treatment by Dr. Petersen of the plaintiff's daughter has already been addressed by the court. By order dated April 10, 2007, the court directed the plaintiff to provide certain medical authorizations to the defendant with the exception of authorizations pertaining to the treatment of the plaintiff's daughter. However, the court made clear that the plaintiff was to "provide any medical records relating to the plaintiff's treatment even if the records contain[ed] information about the plaintiff's daughter, subject to confidentiality." Order dated 4/10/07.

Despite the court's order, counsel for the plaintiff still refused to produce the records

indicating that they were considering appealing the order.[1] O'Neil Letter at 1. In response, the defendants requested that the plaintiff provide them with a redacted copy of the records removing any entries relating solely to sessions with the plaintiff's daughter. The plaintiff now argues that the defendants already agreed not to seek the information. The plaintiff further argues that the defendants do not need Dr. Petersen's records because they have obtained any information they need through other discovery mechanisms. The plaintiff's arguments disregard the fact that the court has already ruled on this issue. Accordingly, to the extent that the records may have been withheld because they relate to the plaintiff's daughter, the plaintiff is to provide the defendants with an un-redacted copy of Dr. Petersen's records of the plaintiff's treatment consistent with the court's April 10th order.

With respect to the remaining redacted entries that were withheld on the basis of relevancy and attorney client privilege, the plaintiff is directed to provide the court with a copy of the un-redacted records for *in camera* review by July 13, 2007. The court will rule on the balance of this application once it has had an opportunity to review the documents at issue.

Dated: Central Islip, New York
       July 2, 2007

SO ORDERED:

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge

---

[1] The time to appeal has passed.