```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GEORGINA MORGENSTERN,

                    Plaintiff,
                                                                    ORDER
        -against-                                                   CV 04-0058 (JS)(ARL)

COUNTY OF NASSAU, et al.,

                    Defendants.
----------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

By order dated July 2, 2007, the undersigned directed the plaintiff to submit un-redacted copies of the pages of Dr. Petersen's records that were withheld on the basis of relevancy and attorney-client privilege. The court has reviewed the records and directs the plaintiff to produce un-redacted copies of all of the records with the exception of the 1/21/04 entry, which the court agrees is irrelevant. The balance of the entries do not reflect confidential communications made between an attorney and a client in the course of professional employment, and thus, were improperly withheld on the basis of the attorney-client privilege. The plaintiff shall provide the documents to the defendants by August 6, 2007.

Also before the court are the remaining issues in the plaintiff's July 10, 2007 motion to compel. Specifically, the plaintiff seeks (1) to compel production of the defendants' rebuttal medical expert report and to set a date for the deposition of that expert, (2) to compel the production of the defendants' rebuttal economic expert report, and (3) to compel the production of e-mails between Michael Levine and Patricia Bourne and between Lorna Goodman and the individual defendants. With respect to the defendants' medical expert, the defendants argue that their expert was unable to complete his report until the court ruled on their motion to compel un-redacted copies of Dr. Petersen's records. That issue has now been resolved. Accordingly, the

defendants are to serve the plaintiff with their rebuttal medical expert report on or before August 17, 2007. Dr. Melamed shall appear for a deposition on or before September 7, 2007.

With regard to the economic expert, the defendants only contend that they did not have sufficient time to retain an economic expert having first received the plaintiff's expert report on June 18, 2007. The defendants shall also serve the plaintiff with their economic experts report by August 17, 2007, and make their expert available for a deposition by September 7, 2007.

Finally, the defendants contend that the plaintiff's application should be denied to the extent that the plaintiff seeks production of the e-mails properly withheld on the basis of attorney-client privilege and the work product doctrine. The defendants have withheld two emails between Michael Levine, a former Planning Department employee, and the defendant Patricia Bourne, which they claim concern the County's preparation of opposition to the plaintiff's motion for a temporary restraining order. The defendants have also withheld four e-mails between the Nassau County Attorney and the individual defendants. The defendants argue that these emails are covered by the attorney-client privilege. The court cannot rule on this issue without reviewing the documents. Accordingly, the defendants are directed to provide the court with copies of the e-mails in question for *in camera* review by August 6, 2007.

Dated: Central Islip, New York  
       August 2, 2007

**SO ORDERED:**

_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge