UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X        04-CV-0058
GEORGINA MORGENSTERN,,                                                       (JS)(ARL)
                            Plaintiffs,
      -against-


COUNTY OF NASSAU; ANTHONY M.
CANCELLIERI, PATRICIA BOURNE and
JOHN P. DONNELLY, in their individual
and official capacities,
                           Defendants.
----------------------------------------------------------------x


## DEFENDANTS' PROPOSED VOIR DIRE


                                          LORNA B. GOODMAN
                                          County Attorney of Nassau County
                                          Attorney for Defendants
                                          One West Street
                                          Mineola, New York ll50l




Of Counsel:

Esther D. Miller
Michael Sordi
Karen Schmidt
Matthew Weinick
Deputy County Attorneys

## **DEFENDANTS' VOIR DIRE REQUESTS**

In addition to the Court's standard juror questions addressed to the prospective juror's background, experience as a juror, witness or party in a criminal or civil case, knowledge of the law, knowledge of any parties and/or witnesses in the case, and any difficulties in sitting as a fair and impartial juror in the case, Defendants respectfully request that the Court include the following areas of questioning in its examination of prospective jurors pursuant to Rule 47(a) of the Federal Rules of Civil Procedure.

1. This case may take two weeks to be completed. Will that pose a hardship on you?

2. Are you or any of your friends or relatives related to any employees of the Nassau County Planning Department?

   - If so, describe the relationship.

3. Are you or any of your friends or relatives related to any employees of Nassau County?

   - If so, describe the relationship.

4. Do you know anyone employed by Nassau County?

5. Do you know anyone employed by the Nassau County Planning Department?

6. Are you or any of your friends or relatives employed by a municipality?

   - If so, describe the relationship and state the municipality.

7. Do you or any of your friends or relatives belong to a labor union?

   - If so, describe the relationship.

8. Have you ever belonged to a labor union?
   - If so, have you ever held any positions of leadership with a labor union?

9. Do you have a friend or family member who is presently involved in a lawsuit or has been in the last five years against Nassau County?

   - If so, please describe the nature of the lawsuit

10. Do you have any biases or feelings – positive or negative – about Nassau County, that would prevent you from being a completely fair and impartial juror in this case?

11. Do you have any biases or feelings – positive or negative – about the Nassau County Executive, Tom Suozzi, or his administration, that would prevent you from being a completely fair and impartial juror in this case?

12. Have you ever been a party to a lawsuit?

    - If so, would your experience affect your ability to remain impartial.
    - If yes, did the lawsuit involve Nassau County or any of its agencies and/or employees?

13. Have you, a family member or a friend ever sued an employer or been involved in a serious dispute with an employer?
    - If so, were you, your family member or friend in a union at the time?

14. Have you ever been asked to leave a place of employment?
    - If so, were you in a labor union at the time?
    - If yes, did you ask the reason for your termination/layoff?
    - If yes, were you satisfied with the reason given?
    - If yes, did you believe your employer was getting back at you for something you had said or done?
    - If yes, did you take any action such as reporting your belief to anyone?

15. Because Nassau County is a municipal entity, like a corporation, are you more inclined to impose a financial burden or penalty on it?

16. Nassau County is a municipal entity, not a person, and therefore there is no one to sit at counsel table with us. Would you hold that against the County?

17. Do you agree that different people recall incidents in different ways?

18. The incident that plaintiff is complaining about took place more than five years ago. Do you understand that a witness may not recall every detail about what happened that long ago?

19. If a witness does not remember certain details, would you infer that that person must be lying?

20. If someone told you a story and left out what you thought was an important detail, would that raise your suspicions about the completeness or truthfulness of the story?

21. During the course of your past and/or present employment, have you had a supervisory role?

3

- In that supervisory role, have you ever had to evaluate someone's performance at work?
- If so, please describe the circumstance.

22. Have you seen or read anything about Nassau County, County Executive Tom Suozzi, or his administration in the media and, if so, please describe the nature of what you saw or read?

- Do you feel that what you saw or read has affected your opinion of Nassau County and its administration? If so, in what way has it affected your opinion of Nassau County and its administration?

23. Have you heard anything about this case before today?

- If so, how did you hear about it?
- Did you form an opinion about this case?
- Do you believe that your ability to serve as an impartial juror has been affected by what you have heard about this case?

24. Do you believe that when a person brings a civil lawsuit, whether or not they meet their burden of proof, they are automatically entitled to receive some compensation?

25. Do you have any interest, financial or otherwise, in the outcome of this case?

26. Did you know any other members of this jury panel prior to being called to jury duty today?

27. Apart from any prior questions, does any juror have any doubt that he or she will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

Dated: Mineola, New York
February 23, 2009

        LORNA B. GOODMAN
        Nassau County Attorney

By: _____/s/_____
    Matthew Weinick (MW 1992)
    Deputy County Attorney
    One West Street
    Mineola, New York 11501
    (516) 571-3027
    Attorneys for Defendants

To:   Scott B. Gilly, Esq.
      (via ECF)

5