**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------x
:
GEORGINA MORGENSTERN,                                                         :
:
:
Plaintiff,                                  :   Case No. 04-CV-0058 (ARL)
:
v.                                                       :   **PLAINTIFF'S PROPOSED**
:   **JURY INSTRUCTIONS**
:
COUNTY OF NASSAU; ANTHONY M.                                                  :
CANCELLIERI, in his individual and official capacities;                      :
PATRICIA BOURNE, in her individual and official capacities;                  :
JOHN P. DONNELLY, in his individual and official capacities,                 :
:
Defendants.                                 :
:
-------------------------------------------------------------------------------x

Plaintiff Georgina Morgenstern ("Mrs. Morgenstern" or "Plaintiff") submits the

following proposed jury instructions pursuant to Fed. R. Civ. P. 51 and Rule IV(B)(vii) of the

Individual Practice Rules of the Honorable Arlene R. Lindsay, and respectfully requests that she

be permitted to supplement or modify these proposed instructions as may be necessary or

appropriate after submission of all of the evidence at trial or during an appropriate conference

with the Court.

## PROPOSED JURY INSTRUCTIONS – CAUSES OF ACTION

### Proposed Jury Instruction No. 1 – Overview of the Claims

Mrs. Morgenstern, the Plaintiff in this action, alleges that Defendants County of Nassau

("Nassau County"), Patricia Bourne ("Bourne"), Anthony M. Cancellieri ("Cancellieri") and

John P. Donnelly ("Donnelly") (collectively, "the Defendants") violated her rights by

terminating her from a permanent civil service position in the Nassau County Planning

Department.  Specifically, Mrs. Morgenstern brings federal claims under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 et seq. ("Section 1983"), alleging:  First, that the Defendants violated her constitutional right to due process under the Fourteenth Amendment of the United States Constitution by terminating her civil service employment without prior notice and a hearing; and Second, that Defendants also violated her constitutional rights by terminating her in retaliation for exercising her right to free speech under the First Amendment.  Mrs. Morgenstern also separately alleges that the termination of her employment violated both the New York Civil Service Law and the union collective bargaining agreement covering her employment.

Now that you have a basic understanding of which claims have been asserted by Mrs. Morgenstern, it will be useful for you to understand the purposes of these laws after which I will discuss the specific claims in detail.

See Plaintiff's Second Amended Complaint; County Defendants' Answer to Plaintiff's Second Amended Complaint; Court's Summary Judgment Memorandum and Order dated Sept. 29, 2008.

**<u>Proposed Jury Instruction No. 2 - Purposes of Section 1983, First and Fourteenth</u>**
**<u>Amendments and New York Civil Service Law</u>**

Before I instruct you in detail about each claim that Mrs. Morgenstern has brought in this case, it will be useful for you to understand the purposes of the laws involved.

The primary purpose of Section 1983 is to prevent government entities, including individuals who act for or on behalf of state or local governments, from depriving citizens of their federally guaranteed rights, and to provide relief to those individuals whose federally guaranteed rights have been infringed by such actors. In this case, the federal rights that Mrs. Morgenstern alleges the Defendants violated are embodied in the United States Constitution, namely her right to due process under the Fourteenth Amendment and her right to free speech under the First Amendment.

The Fourteenth Amendment guarantees that the government will not "deprive any person of life, liberty, or property, without due process of law." The Fourteenth Amendment thus protects individuals from being stripped of valuable property interests by government actors without them first complying with certain procedural safeguards such as prior notice and a hearing to determine the government actor's right to deprive an individual of such property interests. Permanent civil service jobs in New York, as opposed to probationary jobs, create in the person holding such position a property right protected by the Fourteenth Amendment.

The First Amendment guarantees that every citizen of America will have the right to speak freely about matters of public concern without fear of reprisal or retaliation from government actors. Unlike the due process rights of the Fourteenth Amendment, the First Amendment rights of a government employee do not depend on being a permanent civil service employee. All government employees are entitled to the free speech protections of the First Amendment.

The primary purpose of the New York Civil Service Law is to ensure that appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, are made according to merit and fitness as determined by competitive examination.  Its aim was to replace a spoils system of holding office based upon political favor with a merit-based system that would ensure the competency of those working in such positions.

See 42 U.S.C. § 1983; U.S. Const. Amend. XIV; U.S. Const. Amend. I; *Berns v. Civil Service Comm'n*, 537 F.2d 714, 716 (2d Cir. 1976) (property interest in employment in New York vested in permanent civil service employees); *Sagendorf-Teal v. County of Rensselaer*, 100 F.3d 270, 276 (2d Cir. 1996) ("although a probationary employee may usually be discharged with or without cause, she may not be discharged in violation of her First Amendment rights"); N.Y. Civ. Serv. Law §§ 75; N.Y. Civ. Serv. Law §§ 75; NYS Const. Art. V., sec 6; *Social Investigator Eligibles Ass'n v. Taylor*, 268 N.Y. 233, 237 (N.Y. 1935) (aim of civil service system was to replace spoils system).

**Proposed Jury Instruction No. 3 – Elements of Section 1983 Claim**

To prove a violation of Section 1983, Mrs. Morgenstern must prove the following two elements:

**First,** that she suffered the deprivation of a right secured by the Constitution and laws of the United States; and

**Second,** that the Defendants committed this deprivation of her rights acting under color of state law.

Now, in this case, it is undisputed that the individual Defendants Bourne, Cancellieri and Donnelly all acted under color of state law in their conduct toward Mrs. Morgenstern.  I am instructing you that the question of whether the Defendants acted under color of state law is not before you because they did so in this case.  The only question before you in deciding Mrs. Morgenstern's Section 1983 claims, therefore, is whether she proved the first element above, namely, that she suffered the deprivation of a right secured by the Constitution and laws of the United States.  I will now turn to instructing you on this element regarding each of Mrs. Morgenstern's Section 1983 claims.

See 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Rendell-Baker v. Kohn*, 457 U.S. 830, 835-37 (1982); *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); Court's Summary Judgment Memorandum and Order dated Sept. 29, 2008 at 19 (finding no issue of fact as to whether challenged conduct was under color of state law).

## Proposed Jury Instruction No. 4 – Section 1983 Claim: Violation of Due Process Rights

Mrs. Morgenstern first alleges that the Defendants violated Section 1983 by depriving her of the constitutional right to due process by terminating her permanent civil service employment without prior notice and a hearing in violation of the Fourteenth Amendment. To prove this claim, Mrs. Morgenstern must prove that she had a property right in her employment with Nassau County. As I stated before, Mrs. Morgenstern had a property right in her employment with Nassau Count if she was a "permanent" civil service employee at the time of her termination. An employee is "permanent" if she has passed the competitive civil service examination and completed the probationary period established upon her appointment to a civil service position. If, on the other hand, Mrs. Morgenstern was a probationary civil service employee at the time of her termination, she had no constitutionally protected property right that would protect her from being terminated without a hearing and without any stated specific reason.

It is a question of fact for you, the jury, to determine whether Mrs. Morgenstern was a probationary, or a permanent, employee at the time that she was terminated without prior notice and a hearing. If you find as a matter of fact that Mrs. Morgenstern was a permanent employee at the time of her termination, then you will have rendered a verdict in favor of the Plaintiff on the Section 1983 Due Process claim. If, however, you find as a matter of fact that Mrs. Morgenstern was a probationary employee at the time of her termination, then you will have rendered a verdict for the Defendants on this claim.

See U.S. Const. Amend. XIV; *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985); *Todaro v. Norat*, 112 F.3d 598, 599 (2d Cir. 1997); *Finley v. Giacobbe*, 79 F.3d 1285, 1297 (2d Cir. 1996); N.Y. Civ. Serv. Law § 75; *Berns v. Civil Service Comm'n*, 537 F.2d 714, 716 (2d Cir.

1976) (property interest in employment in New York vested in permanent civil service employees); Nassau County Civil Serv. R. XIX; Court's Summary Judgment Memorandum and Order dated Sept. 29, 2008 at 20.

**Proposed Jury Instruction No. 5 – Section 1983 Claim -- Retaliation for Protected Speech**

Mrs. Morgenstern also alleges that the Defendants violated Section 1983 by terminating her employment with Nassau County as an act of retaliation for her protected speech in violation of the First Amendment.  To prevail on this claim, a plaintiff must prove three things:

**First,** that she engaged in constitutionally protected speech on a matter of public concern;

**Second,** that she suffered an adverse employment decision; and

**Third**, that her protected speech was a motivating factor in the adverse employment decision.

Now, in this case, I instruct you that the Court has already, as a matter of law, determined that Mrs. Morgenstern engaged in constitutionally protected speech on a matter of public concern when she spoke out against the alleged misuse of County resources for political fundraising purposes.  Furthermore, it is undisputed that Mrs. Morgenstern suffered an adverse employment action because her employment with Nassau County was terminated.  I am instructing you that the first two elements of proof for this claim, namely, the questions of (1) whether Mrs. Morgenstern engaged in protected speech, and (2) whether Mrs. Morgenstern suffered an adverse employment action, are not before you because the answer to both questions has already been determined to be "Yes."

Therefore, the only question of fact before you, the jury, in deciding Mrs. Morgenstern's Section 1983 Free Speech claim is to determine whether Mrs. Morgenstern's protected speech was a "motivating factor" in the decision to terminate her employment with Nassau County.  In showing that her protected speech was a motivating factor for the decision to terminate her, Mrs. Morgenstern is not required to prove that her speech was the sole or only factor, or even that it was the primary factor motivating the decision.  Mrs. Morgenstern need only prove that her

protected speech played a motivating part in the decision to terminate her employment although other factors may also have played a part in that decision.  If you find that the Defendants deprived Mrs. Morgenstern of her constitutional rights to due process, you may, but are not required to, infer that this fact makes it more likely that Mrs. Morgenstern's protected free speech was a motivating factor in her discharge.  However, Mrs. Morgenstern's First Amendment rights do not depend upon whether you find that she is either a permanent or probationary employee.  Both permanent and probationary civil service employees are entitled to the free speech protections of the First Amendment.  Moreover, in deciding whether her protected speech was a motivating factor in her discharge, it is not necessary for you to agree with, or believe, Mrs. Morgenstern's statements.  It is not relevant, nor is it a matter before you to weigh, whether Mrs. Morgenstern's statements were well-founded or true.  The only issue before you is whether those statements were a motivating factor in the Defendants' termination of her employment.

If you find as a matter of fact that Mrs. Morgenstern's protected speech was a motivating factor in the decision to terminate her employment with Nassau County, then you will have rendered a verdict in favor the Plaintiff on the Section 1983 Free Speech claim.  If, however, you find as a matter of fact that the decision to terminate Mrs. Morgenstern was motivated by factors wholly apart from her protected speech, then you will have rendered a verdict for the Defendants on this claim.

See *Skehan v. Village of Mamaroneck*, 465 F.3d 96, 106 (2d Cir. 2006 (citing *Gronowski v. Spencer*, 424 F.3d 285, 292 (2d Cir. 2005)); Court's Summary Judgment Memorandum and Order dated Sept. 29, 2008 at 32-34; *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977); *Sagendorf-Teal v. County of Rensselaer*, 100 F.3d 270, 276 (2d Cir. 1996) ("although a probationary employee may usually be discharged with or without cause, she may not be discharged in violation of her First Amendment rights").

9

**<u>Proposed Jury Instruction No. 6 – Liability of Individual Defendants</u>**

Section 1983 may impose liability on individuals, as well as government entities, for the violation of federally protected constitutional rights.  To state a claim against an individual defendant, a plaintiff must show that the individual had "personal involvement" in the deprivation of her constitutional rights.  The personal involvement of an individual defendant can be shown in a variety of ways, including evidence that he or she: (1) participated directly in the constitutional violations; (2) failed to remedy the wrongdoing after learning of it; (3) was grossly negligent in supervising subordinates who committed the wrongful acts; (4) created a policy or custom under which unconstitutional practices occurred; or (5) exhibited deliberate indifference to the fact unconstitutional acts were occurring.

With respect to Mrs. Morgenstern's Section 1983 claims, she has alleged that the individual Defendants Bourne, Cancellieri and Donnelly are liable for the unconstitutional termination of her employment with Nassau County.  If you find a verdict for Mrs. Morgenstern on either her Due Process or her Free Speech claim, or on both, under Section 1983, then you must consider whether Defendants Bourne, Cancellieri and/or Donnelly bear individual liability for either or both of these claims.  To establish the individual liability of Defendants Bourne, Cancellieri and/or Donnelly, she must prove that each of them had personal involvement in the process of terminating her employment.

<u>See</u> *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122-27 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); Court's Summary Judgment Memorandum and Order dated Sept. 29, 2008 at 38, 41.

**Proposed Jury Instruction No. 7 – Breach of Contract - Elements**

Mrs. Morgenstern claims that Defendant Nassau County violated the terms of the union collective bargaining agreement that governed her employment when it terminated her employment without first providing her with notice and an opportunity for a hearing.  To prove her breach of contract claim against the Defendant Nassau County, Mrs. Morgenstern must prove that:

**First,** the collective bargaining agreement required that permanent civil service employees of Nassau County be provided with notice and hearing prior to being terminated; and

**Second,** Defendant Nassau County breached the collective bargaining agreement in terminating Mrs. Morgenstern's employment without prior notice and a hearing.

On this claim, Defendant Nassau County has argued that Mrs. Morgenstern cannot recover for a breach of contract because she did not follow the contractual grievance procedures outlined in the collective bargaining agreement prior to bringing this lawsuit.  However, if you find that Defendant Nassau County represented to Mrs. Morgenstern at the time of her termination that she was not protected under the collective bargaining agreement because she was a probationary employee, this constitutes a repudiation of the contract and excuses her failure to follow the contractual grievance procedures.  In other words, if Defendant Nassau County told Mrs. Morgenstern that the collective bargaining agreement did not apply to her when she was terminated, then you must find that Mrs. Morgenstern did not have any obligation to follow the grievance procedures outlined in the contract.  Similarly, if you find that the grievance procedure was controlled by the union and that Mrs. Morgenstern had been prevented from exhausting her contractual remedies by the union's wrongful refusal to process her

grievance, then you must find that Mrs. Morgenstern did not have any obligation to follow the

grievance procedures outlined in the contract.

See *Marks v. New York Univ.*, 61 F. Supp. 2d 81, 88 (S.D.N.Y. 1999) (elements of breach of contract action); *Franconia Assocs. v. United States*, 536 U.S. 129, 143 (2002) ("the promisor's renunciation of a contractual duty before the time fixed in the contract for . . . performance is a repudiation"); *Lucente v. IBM*, 310 F.3d 243, 258 (2d Cir. 2002) ("Anticipatory repudiation occurs when, before the time for performance has arisen, a party to a contract declares his intention not to fulfill a contractual duty"); *Spencer v. City of New York*, 2007 U.S. Dist. LEXIS 39101 at *9 (S.D.N.Y. May 29, 2007) (finding that employee did not have duty to follow contractual grievance procedure where employer's conduct repudiates application of grievance procedure to employee); Court's Summary Judgment Memorandum and Order dated Sept. 29, 2008 at 45.

**<u>Proposed Jury Instruction No. 8 – Violation of New York Civil Service Law - Elements</u>**

The New York Civil Service Law provides protections for civil service employees of the state and/or local government.  These include protection against termination except for specified reasons after notice and a pre-termination hearing on the alleged basis for discharge.  In this case, Mrs. Morgenstern alleges that the Defendants violated the New York Civil Service Law by terminating her Nassau County civil service employment without providing her with the required prior notice and a hearing.  To prove this claim, Mrs. Morgenstern must prove that she was a permanent civil service employee at the time that she was terminated without prior notice and a hearing.

N.Y. Civ. Serv. Law § 75.

## PROPOSED JURY INSTRUCTIONS – DAMAGES[1]

**Proposed Jury Instruction No. 9 – Four Different Types of Damages**

If you determine that Defendants Nassau County, Bourne, Cancellieri and/or Donnelly are liable for some or all of the various claims Mrs. Morgenstern has alleged, you must then determine the amount of damages to award her.  There are four potential types of damages that you will separately consider and may decide to award her:

(1) Economic Back Pay Damages – These are the damages directly related to the lost wages or salary, benefits and other compensation that Mrs. Morgenstern may be entitled to recover from the date of her termination up to the date of the trial;

(2) Economic Front Pay Damages – These are the damages directly related to the lost wages or salary, benefits and other compensation that Mrs. Morgenstern may be entitled to recover but running from the date of the trial going forward;

(3) Compensatory Damages – These are the damages that compensate Mrs. Morgenstern for pain and suffering, emotional distress, including feelings of depression, anxiety and/or humiliation, and/or harm to reputation that she may have suffered; and

(4) Punitive Damages – These are the damages that you may award to punish the Defendants for especially egregious conduct and to deter the Defendants and others in society from engaging in similar conduct in the future.

*Katt v. City of New York*, 151 F. Supp.2d 313, 369 (S.D.N.Y. 2001) (calculation of damages is province of jury) (*citing Ismail v. Cohen*, 899 F.2d 183, 188 (2d Cir. 1996))

---

[1]   These proposed jury instructions do not address other equitable relief that is requested in the Complaint, which does not involve the jury in any fashion.  Plaintiff will take up such additional relief with the Court, as necessary, at the appropriate juncture.

**Proposed Jury Instruction No. 10 – Economic Back Pay Damages**

If you determine that Mrs. Morgenstern's employment was terminated in violation of her federally protected rights, the New York Civil Service Law, or the collective bargaining agreement, she may recover the wages or salary, benefits and other compensation she would have earned if she had not been unlawfully terminated and still worked for Nassau County.  An award of back pay runs from the date of the unlawful termination to the date of the judgment in this case.  Therefore, in awarding back pay, you must determine the damages that Mrs. Morgenstern is entitled to from the day her employment with Nassau County ended, December 5, 2003, through the date of your verdict in this case.  In other words, you must determine the total amount of compensation, including both lost wages or salary and lost benefits, that Mrs. Morgenstern would have earned between December 5, 2003 and, as a best estimate, March __, 2009.  You should also include any anticipated pay raises, step increases, cost of living increases, fringe benefits and other compensation increases or payments that Mrs. Morgenstern lost during this period to make Mrs. Morgenstern whole in determining your total award of back pay damages.

Mrs. Morgenstern seeks back pay damages based on the following separate and distinct claims she has alleged: (1) the termination of her employment without the prior notice and hearing required under the Fourteenth Amendment in violation of Section 1983; (2) the termination of her employment in retaliation for her protected speech under the First Amendment in violation of Section 1983; (3) the termination of her employment without the prior notice and hearing required under of the New York Civil Service Law; and (4) the termination of her employment without the prior notice and hearing required under the collective bargaining

agreement.  Accordingly, you must consider this instruction when you ultimately determine whether to award back pay damages for each of these claims.

*Gierlinger v. Gleason*, 160 F.3d 858, 874 (2d Cir. 1998) (allowing back pay in Section 1983 case); *Ezekwo v. New York City Health & Hosps. Corp.*, 940 F.2d 775, 786 (2d Cir. 1991) (holding lost wages appropriate measure of damages in procedural due process claim); *Keyer v. Civil Service Com.*, 397 F. Supp. 1362, 1367 (E.D.N.Y. 1975) (holding that employee is entitled to back pay for §1983 due process claim); *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (holding that reinstatement and back pay is appropriate remedy in procedural due process claim); N.Y. Civ. Serv. Law § 77 (holding that employee terminated in violation of New York Civil Service Law § 75 entitled to back pay from date of termination to date of court's judgment); Baden v. Koch, 1980 U.S. Dist. LEXIS 11632 (S.D.N.Y. May 12, 1980) (same); *Taddeo v. Ruggiero Farenga, Inc.,* 102 F. Supp.2d 197, 198 (S.D.N.Y. 2000) (back pay encompasses time period between firing and court judgment); *Vernon v. Port Auth. of New York and New Jersey,* No. 95 Civ. 4594, 2003 WL 1563219, *1 (S.D.N.Y. Mar. 26, 2003) (holding it was necessary to incorporate employer's merit and promotional increase policies during period at issue in calculating back pay award to employee and also including prejudgment interest on award of back pay damages).

**Proposed Jury Instruction No. 11 – Economic Front Pay Damages**

If you find that Mrs. Morgenstern will sustain economic damages in the future because her employment was terminated in violation of her federally protected rights, the New York Civil Service Law, or the collective bargaining agreement, she may also recover front pay, or the wages or salary, benefits and other compensation she would earn in the future if she had not been unlawfully terminated and still worked for Nassau County.  Front pay is separate and distinct from back pay.  The purpose of front pay is to compensate an employee who has been unlawfully terminated for the continuing harm caused by the unlawful conduct.

In calculating front pay, you must determine the total wages or salary, benefits and other compensation that Mrs. Morgenstern would have received from the date of the verdict until the date she would have ended her employment with Nassau County, if she had not been unlawfully terminated.  In other words, you must determine how many years into the future that compensation should be awarded based on how long you believe Mrs. Morgenstern would have continued working for Nassau County, if she had not been unlawfully terminated.  You should also include any anticipated pay raises, step increases, cost of living increases, fringe benefits and other compensation increases or payments necessary to make Mrs. Morgenstern whole in determining your total award of front pay damages.  You may consider the number of years between the verdict up to the anticipated date that Mrs. Morgenstern would become eligible for retirement from employment with Nassau County.

Mrs. Morgenstern seeks front pay damages based on the following separate and distinct claims she has alleged: (1) the termination of her employment without the prior notice and hearing required under the Fourteenth Amendment in violation of Section 1983, (2) the termination of her employment in retaliation for her protected speech under the First Amendment

in violation of Section 1983, (3) the termination of her employment without the prior notice and

hearing required under of the New York Civil Service Law, and (4) the termination of her

employment without the prior notice and hearing required under the collective bargaining

agreement.  Accordingly, you must consider this instruction when you ultimately determine

whether to award front pay damages for each of these claims.

*U.S. v. Burke,* 504 U.S. 229, 229 n.9 (1992) (defining front pay as award for future lost earnings); *Belk v. City of Eldon*, 228 F.3d 872, 876 (8th Cir. 2000) (affirming front pay award in First Amendment retaliation claim); *Ballard v. Muskogee Regional Med. Ctr.*, 238 F.3d 1250, 1253 (10th Cir. 2001) (holding plaintiff in Section 1983 procedural due process claim can be awarded front pay); *Gatti v. Community Action Agency of Greene County, Inc.,* 263 F. Supp.2d 496, 507-514 (N.D.N.Y. 2003); *Hogan v. General Elec. Co.,* 144 F. Supp.2d 138, 144 (N.D.N.Y. 2001); *Smith v. Diffee Ford-Lincoln-Mercury, Inc.,* 298 F.3d 955, 964 (10th Cir. 2002) (front pay is intended to compensate for losses after trial).

**Proposed Jury Instruction No. 12 – Compensatory Damages**

Mrs. Morgenstern is also seeking compensatory damages based on the emotional pain and suffering, including feelings of depression, anxiety and/or humiliation, mental anguish, loss of life enjoyment and loss of reputation that she alleges she suffered as a result of Defendants' conduct.  Compensatory damages are separate from back pay and front pay.  Accordingly, in order to receive compensatory damages, Mrs. Morgenstern must prove that she has suffered emotional distress as a result of Defendants' conduct.

Additionally, you can distinguish the level of emotional distress Mrs. Morgenstern may be feeling today from the levels of emotional distress she alleges she suffered in the period immediately following her termination up through the present.  In other words, you can award compensatory damages based on severe emotional anguish Mrs. Morgenstern may have suffered immediately after her termination or at any other point thereafter, even though she may not still be suffering at the same level today, so long as you determine that the emotional pain and suffering was caused by Defendants' conduct.

Mrs. Morgenstern seeks compensatory damages based on the following separate and distinct claims she has alleged: (1) the termination of her employment without the prior notice and hearing required under the Fourteenth Amendment in violation of Section 1983, and (2) the termination of her employment in retaliation for her protected speech under the First Amendment in violation of Section 1983.  Accordingly, you must consider this instruction when you ultimately determine whether to award front pay damages for each of these claims.

*Memphis Cnty. Sch. Dist. v. Stachura*, 477 U.S. 299, 304 (1986) (finding award of compensatory damages appropriate in procedural due process case); *Carey v. Piphus*, 435 U.S. 247, 264 (1978) ("mental and emotional distress caused by the denial of procedural due process itself is

compensable under" procedural due process claim); *Gronowski v. Spencer*, 424 F.3d 285, 288 (2d Cir. 2005) (affirming jury's compensatory damages award in First Amendment retaliation case); *Malta v. Slagle*, 2008 U.S. Dist. LEXIS 67598 (W.D.N.Y. Sept. 2, 2008) (holding that First Amendment retaliation plaintiff could establish entitlement to compensatory damages).

**Proposed Jury Instruction No. 13 – Punitive Damages**

Mrs. Morgenstern is also seeking punitive damages.  Punitive damages are designed to punish unlawful acts that are committed with malice or reckless indifference to the plaintiff's federally protected rights, as well as to deter or discourage both the specific wrongdoers in the case and others in society generally from engaging in similar conduct in the future.  The law does not permit an award of punitive damages against a government entity, such as the Defendant Nassau County, because it would be unfair to punish taxpayers for the malicious and reckless actions of government officials.  The law, however, does permit an award of punitive damages against the individual government officials who have committed the wrongdoing.  Therefore, you can award punitive damages in this case if Mrs. Morgenstern demonstrates that Defendants Bourne, Cancellieri, or Donnelly, all of them or any one of them, engaged in unlawful conduct under Section 1983 with malice or with a reckless indifference to her federally protected rights under the First and Fourteenth Amendments.

For example, you may award punitive damages if you determine that one or more of Defendants Bourne, Cancellieri, and Donnelly knew that he or she was violating Mrs. Morgenstern's federally protected due process rights to notice and a hearing before terminating her employment and/or was recklessly indifferent to that fact.  Additionally, as a further example, you may award punitive damages if you determine that one or more of Defendants Bourne, Cancellieri and Donnelly knew that he or she was retaliating against Mrs. Morgenstern for her exercise of federally protected free speech rights when terminating her employment and/or was recklessly indifferent to that fact.

Mrs. Morgenstern seeks punitive damages based on the following separate and distinct claims she has alleged: (1) the termination of her employment without the prior notice and

hearing required under the Fourteenth Amendment in violation of Section 1983, and (2) the

termination of her employment in retaliation for her protected speech under the First Amendment

in violation of Section 1983.  Accordingly, you must consider this instruction when you

ultimately determine whether to award punitive damages for each of these claims.


*Smith v. Wade*, 461 U.S. 30, 56 (1983) ("We hold that a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267-68 (1981).

Dated:  New York, New York
        February 23, 2009

Respectfully submitted,

**THOMPSON WIGDOR & GILLY LLP**

By:  _____/s/_____
        Douglas H. Wigdor (DW-9737)
        Scott Browning Gilly (SG-6861)
        Christopher Q. Davis (CD-7282)

        85 Fifth Avenue
        New York, NY 10003
        Telephone:  (212) 257-6800
        Facsimile:   (212) 257-6845

Counsel for Plaintiff Georgina Morgenstern