UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
GEORGINA MORGENSTERN,                                    04-CV-0058
                                                         (JS)(ARL)
                        Plaintiff,

        -against-                                        DECLARATION OF
                                                         MICHAEL C. SORDI IN
                                                         OPPOSITION AND IN
COUNTY OF NASSAU; ANTHONY                                RESPONSE TO
M. CANCELLIERI, in his individual and official capacities; PLAINTIFF'S REQUEST
PATRICIA BOURNE, in her individual and official capacities; FOR AN AWARD OF
JOHN P. DONNELLY, in his individual and official capacities, BACK PAY, FRONT
                                                         PAY, PREJUDGMENT
                        Defendants.                      INTEREST AND
                                                         RECOVERY FOR
------------------------------------------------------------------------------X  MEDICAL EXPENSES

MICHAEL C. SORDI, an attorney duly admitted to practice law in the courts of the State of New York, and admitted to practice in the United States District Court for the Eastern District of New York, declares as follows, under the penalties of perjury:

1. I am a Deputy County Attorney in the Office of the Nassau County Attorney, attorneys for Defendants, THE COUNTY OF NASSAU, ANTHONY M. CANCELLIERI, PATRICIA BOURNE, and JOHN P. DONNELLY, ("Defendants") in this action. I am familiar with the facts and circumstances as set forth herein, from my research and my review of the County Attorney's file, my participation in certain pre-trial Depositions in this matter, as well as my participation as trial Counsel during the actual trial of this matter before the Hon. Arlene R. Lindsay and a Jury. This Declaration is made in response to Plaintiff's request for an award of damages for back and future medical expenses, prejudgment interest, and the speculative nature of Plaintiff's request for front pay.

1

## A. BACK PAY – THE DUTY TO MITIGATE DAMAGES

2. Plaintiff Georgina Morgenstern was under a duty to use reasonable diligence in finding other suitable employment to be entitled to an award of back pay. Moreover, "suitable" employment need not be employment which is "comparable" to the position the Plaintiff had with the County of Nassau. The duty to mitigate her damages in seeking employment is not an onerous one insofar as it only requires the Plaintiff to make reasonable efforts to obtain other suitable employment so as to prevent the Plaintiff from incurring a windfall. An award of back pay is designed and intended to place the Plaintiff in the same position she would have been in, but for the unlawful termination of employment. Interim earnings, therefore, or amounts that could have been earned with reasonable diligence by the person whose due process was violated, will operate to reduce any back pay amounts which would otherwise be allowable.

3. In the case at bar, the Plaintiff has wholly failed to establish that she has taken reasonable efforts to fulfill the duty to mitigate her damages by finding other suitable employment following her termination. Accordingly, an award of back pay would only serve as a windfall to the Plaintiff.

## B. FRONT PAY – BALANCING THE EQUITIES

4. An award of front pay is an equitable remedy to be awarded, if at all, in the sound discretion of the Court. An award of front pay is reserved for those instances where reinstatement is inappropriate, and it represents compensation for future losses the

Plaintiff would suffer but for the improper termination. Front pay is not to serve as a windfall or reward for the Plaintiff, but rather it serves to make the Plaintiff whole where she has no reasonable prospect of finding comparable alternative employment.

5. As in the instance of an award for back pay, the Plaintiff who seeks an award of front pay has the duty of mitigating damages by seeking alternative employment. In the case at bar, however, this Plaintiff sought neither alternative nor suitable employment, resulting in a total failure to mitigate damages in any manner.

6. Once again, as in the instance of back pay discussed above, this Plaintiff had available to her certain rights and remedies as provided for under the terms of the collective bargaining agreement. Had she pursued those rights and remedies, as a reasonable person who found themselves in her position would have, it is likely that the Plaintiff would have been both reinstated to her position within approximately ninety-five (95) days or less, and she would have received an award for all of her back pay up to the point of reinstatement through the means of a contractually mandated decision in binding arbitration.

7. Clearly, her failure to pursue such remedy makes any award of front pay both a windfall and a reward for her inaction, without any justification in fact or in law to support the same. Moreover, any such award would be highly speculative, given the evidence adduced at trial concerning Plaintiff's already severely compromised emotional and mental state.

8. Plaintiff's own treating psychologist confirmed that Plaintiff was taking multiple doses of ant-depressants for at least the five (5) years immediately preceding Plaintiff's termination. (See, Trial Transcript, p. 810). Dr. Petersen described the Plaintiff as

someone who "had a vulnerability to depression and anxiety" that predated his treatment of her (See, Trial Transcript, p. 808-809), and that she sometimes frequently, sometimes infrequently abused and/or overdosed on her medications (See, Trial Transcript, p. 833-834). Testimony at trial indicated that the Plaintiff was suffering from Major Depressive Disorder, Recurrent, which had a biological component to it, which predated Plaintiff's termination from employment, and which was further evidenced by her personal and her family's substantial psychological histories.

9. Of equal import, however, was the acknowledgment by Dr. Petersen that the Plaintiff had additional "stressors" in her life, stressors which would lead to the psychological injuries Plaintiff is claiming. Indeed, Plaintiff's husband lost his job after Plaintiff was terminated, and which was "a substantial stressor" in the Plaintiff's life, which the Plaintiff discussed many times with Dr. Petersen during their therapy sessions. (See, Trial Transcript, p. 836-837). As of the date of his testimony at trial, Dr. Petersen opined that, "there were other things that [had] taken precedence in Mrs. Morgenstern's ongoing need for therapy" (See, Trail Transcript, p. 797). Dr. Petersen further described those "other things that had taken precedence" as including financial stressors due to her husband's job loss, her own health issues unrelated to her termination, her daughter's health issues, her mother's health issues, including her dementia, her daughters moving away from home, her husband's absences from home due to business travel, her history of depression and prior course of treatment with anti-depressants, and her sometimes frequent abuse of her medications. (See, Trial Transcript, p 830-838). Any award of front pay, therefore, would be wildly speculative insofar as the Plaintiff has failed to establish the appropriate time from and to which front pay could possibly be awarded.

## C. MEDICAL EXPENSES

10. Plaintiff has requested an award for "out-of-pocket" medical expenses, both past, and into the future (See, Morgenstern Affidavit, page 3). As the Court is aware, medical expenses are a component of compensatory damages to be considered by the Jury. Indeed, Court Exhibit IV is a note from the jury specifically asking the Court, "Do we consider medical bills, liens, insurance claims?"  In response to that note, the Court instructed the jury that, " . . . the only evidence in that regard has been one medical bill which was introduced in evidence, which you may give whatever consideration you deem appropriate, and that is Exhibit EEE. There is no other evidence with respect to liens or insurance claims." (See, Trial Transcript, p. 1439).  Since the jury has already considered the issue of medical expenses and liens, any proposed additional award to the Plaintiff would amount to a double recovery for this Plaintiff, a clearly improper result. Medical expenses should have been properly placed before the jury and as such are not proper component of economic damages in the form of back pay or front pay.

## D. LIFE EXPECTANCY

11. The Affidavit of Plaintiff, and the expert report of Dr. Tinari indicate that she seeks an award of future damages based upon a life expectancy and work-life expectancy that Plaintiff has failed to establish with any degree of certainty whatsoever.  As set forth in greater detail above, Plaintiff has a long personal history and familial history of psychiatric illness, including multiple suicide attempts, both prior to and following her termination from the County.  She was on prescribed anti-depressants, and has a history of "sometimes

frequently" abusing her medications.  She has been diagnosed by all treating and/or examining doctors as suffering from Major Depressive Disorder, Recurrent, and her own Psychologist has opined that she has additional "substantial stressors" in her life that have taken precedence over her termination, including her own substantial health issues.

    12. Quite frankly, any award of future benefits, whether in the form of front pay, or future medical expenses, would be subject to wild speculation on the part of the Court.  The Plaintiff was sick before she came to work for Nassau County, she was sick while she worked for Nassau County, and she remains ill now.  The issue, however, is what is the cause of her present and future damages, if any, and can they be determined with any degree of specificity.  In the case, *sub judice*, one cannot reasonably rely upon standard life expectancy and/or work expectancy tables, given Plaintiff's longstanding history of physical and mental impairments.  The failure of the Plaintiff to submit evidentiary proof of her actual life and work-life expectancy in the face of the evidence of her longstanding physical and psychiatric histories, would make any award by the Court highly speculative, at best, and therefore improper.

### E. INTEREST

    13. Plaintiff requests "Prejudgment interests on the lost wages and benefits awarded at the New York statutory rate of 9%" (See, Gilly Declaration, p. 2, paragraph 3(C) and (H)), as well as "prejudgment interest on medical expenses awarded" (See, Gilly Declaration, Id.). There is no basis in law, or in fact for an award of interest on "medical expenses" or compensatory damages.  Moreover, it would be impossible for the Court to divine precisely how much of the compensatory damages awarded by the jury were attributable to "medical expenses", as opposed to emotional pain and suffering, for which there is no entitlement to

interest at all. Accordingly, the Court should not award any prejudgment interest for "medical expenses", as requested by Plaintiff.

 14. Moreover, Plaintiff requests prejudgment interest on back pay at the rate of 9% per annum. The rate to be applied, if at all, and only in the sound discretion of the Court, is calculated as the average annual United States treasury bill rate of interest, as referred to in 28 U.S.C. § 1961, a rate that is presently far less than the 9% rate sought by the Plaintiff.

 15. For the reasons set forth above, it is respectfully requested that this Court deny any award of either back or front pay to the Plaintiff, that it deny any recovery for additional medical expenses, and that it deny prejudgment interest entirely or, in the alternative, award only such interest as is allowed pursuant to law.

Dated: Mineola, New York
   August 31, 2008

                 LORNA B. GOODMAN
                 Nassau County Attorney

                 _____/s/_____
                 By: Michael C. Sordi
                 Deputy County Attorney
                 One West Street
                 Mineola, New York 11501
                 (516) 571-3061

TO: Douglas H. Wigdor, Esq.
   Scott Browning Gilly, Esq.
   Thompson, Wigdor, & Gilly, LLP
   85 Fifth Avenue
   New York, New York 10003
   (212) 257-6800
   *Counsel for Plaintiff*